**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN E. BOWMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TEHAMA, et al.,<br><br>    Defendants. | No. 2:21-CV-0225-TLN-DMC-P<br><br><br>ORDER |

       Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's complaint, ECF No. 1.

       The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

1

Plaintiff claims a violation of his Fourth Amendment rights, as well as various other theories, arising from an allegedly improper arrest, detention, and subsequent criminal prosecution.  While Plaintiff states that "[a]ll original charges were eventually dismissed," he also states that he ultimately pled guilty to trespass.

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of an underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).

Here, it appears Plaintiff's federal claims are not cognizable because success on the merits of his allegations that he was improperly arrested and prosecuted would necessarily imply the invalidity of his conviction by way of guilty plea to trespass.  Plaintiff will be provided leave to amend in order to allege additional facts which might shed light on the nature of his claim and, specifically, whether it is barred under the Heck favorable termination rule.  Plaintiff is cautioned that failure to file an amended complaint as directed may result in dismissal of the entire action for lack of prosecution.  See Local Rule 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file a first amended complaint within 30 days of the date of this order.

Dated:  August 25, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE