IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN E. BOWMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF TEHAMA, et al.,<br><br>    Defendants. | No. 2:21-CV-0225-TLN-DMC<br><br><br><br>ORDER |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is Plaintiff's first amended complaint, ECF No. 9.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this Court must dismiss an action if the Court determines that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the first amended complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as Defendants: (1) Jennifer Bowman, (2) David Bowman, (3) County of Tehama, (4) Dave Hencratt, Sheriff of Tehama County, (5) Georgia Han, (6) Jennifer L. Hagel, (7) Brian T. Williams, (8) City of Red Bluff, (9) Danielle Eyestone, Mayor of City of Red Bluff, (10) Red Bluff Police Department, (11) Kyle Sanders, Chief of Police of Red Bluff Police Department (12) Quintan Ortega, Police Captain with Red Bluff Police Department, (13) Ruben Murgia, Sergeant with Red Bluff Police Department, and (14) Heidi Curtis, Police Officer with Red Bluff Police Department.  See ECF No. 9, pgs. 1-4.

Plaintiff claims: (1) violations of Fourth Amendment for detention and arrest, (2) violations of substantive due process, (3) municipal liability based on ratification, (4) municipal liability based on failure to train, (5) municipal liability based on an unconstitutional custom or policy, (6) false arrest/imprisonment, (7) conspiracy against rights under 18 U.S.C. § 241, (8) deprivation of rights under color of law under 18 U.S.C. § 242, and (9) respondeat superior.  See ECF No. 9, pgs. 8-18.  Plaintiff seeks compensatory, punitive, and statutory damages, fees and costs, and interest. See ECF No. 9, pg. 18.

Plaintiff claims arise from an allegedly improper arrest, detention, and subsequent criminal prosecution.  See ECF No. 9, pgs. 5-7.  Plaintiff states that, in early 2019, David Bowman invited Plaintiff to attend his August 9, 2019, wedding in Red Bluff.  See id. at 5. Plaintiff agreed and, after the wedding, decided to stay in Red Bluff to get reacquainted with family in the area.  See id.  According to Plaintiff, he spent "considerable time" with Bowman, his wife Jennifer Bowman, and the Bowmans' children.  See id. at 6.  Plaintiff states that it was during this time that he noticed Jennifer Bowman being "abusive" towards the children and on several occasions he heard Jennifer Bowman call the children "dirty little fuckers and nasty humans."  Id.  Plaintiff states that the David Bowman became enraged when he confronted Bowman and that Bowman told Plaintiff to leave.  See id.  Plaintiff also states that Jennifer Bowman instructed the elementary school which the children attended to remove Plaintiff from the emergency contact list.  See id.

///

Plaintiff next states that, on December 3, 2019, Jennifer Bowman called the Red Bluff Police Department to respond to a report from the school of a male trespassing on school grounds and refusing to leave. See id. According to Plaintiff, Police Chief Kyle Sanders, Police Captain Quintan Ortega, and Police Officer Heide Curtis responded, made contact with Plaintiff, and detained him. See id. Plaintiff adds that he was not on school property when detained. See id. Plaintiff states that he was told by Officer Curtis that Jennifer Bowman had reported that Plaintiff had been "stalking" her children at school and that Plaintiff was "psychotic." Id. Plaintiff also states Curtis told him David Bowman confirmed his wife's statement. See id. at 6-7. Plaintiff states that, after interviewing the school principal, Curtis arrested Plaintiff without probable cause. See id. at 7.

Plaintiff states that he was charged with violation of California Penal Code §§ 646.9 (felony stalking), 626.8 (misdemeanor remaining on school property), and 647.6(a)(1) (misdemeanor child annoyance). See id. Plaintiff states he was "unlawfully imprisoned for three days." Id.

## II. DISCUSSION

In considering whether a complaint states a claim, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

///

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  The mere possibility of misconduct will not suffice to meet this standard. See id. at 679.

In this case, the Court finds that the amended complaint suffers from a number of defects, as discussed in more detail below.  Principally, it is not clear from the facts alleged whether Plaintiff's claims are subject to the favorable termination rule of Heck v. Humphrey given that Plaintiff's claims arise from an allegedly unconstitutional arrest and subsequent criminal prosecution.  Moreover, Plaintiff's amended complaint fails to allege facts sufficient to link all but one of the named defendants to the alleged constitutional violations.  The amended complaint also fails to contain sufficient facts to establish municipal liability, supervisor liability, liability of private parties, or liability under Title 18.

**A.   Favorable Termination Rule**

Where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of an underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 claim not cognizable because allegations were akin to malicious prosecution action which includes as an element a

4

finding that the criminal proceeding was concluded in plaintiff's favor).

Here, Plaintiff's claims all arise from his arrest, which Plaintiff asserts was made without probable cause; his detention, which detention Plaintiff asserts was false; and his subsequent criminal prosecution on felony and misdemeanor charges, which Plaintiff asserts was wrongful. Success on the merits of any of these claims would imply the invalidity of any conviction resulting from the criminal prosecution. Plaintiff does not allege in the first amended complaint, however, whether he was actually prosecuted on the charged offenses, or what the result was if he was prosecuted. If he was not prosecuted, or was prosecuted but not convicted, the favorable termination rule would not apply. If Plaintiff was prosecuted and convicted, the favorable termination rule would apply and Plaintiff would then be required to demonstrate that the conviction had been set aside or invalidated. Plaintiff will be provided an opportunity to amend to resolve these ambiguities.[1]

### B.     Link to Named Defendants

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth

---

[1] The Court discussed the favorable termination rule in the prior screening order addressing Plaintiff's original complaint. See ECF No. 6. Notably, the Court observed that Plaintiff alleged in the original complaint that he ultimately pleaded guilty to trespass. See id. at 2. Plaintiff was granted leave to amend to allege additional facts relating to the trespass conviction, specifically to indicate whether it had been set aside or otherwise invalidated. See id. It appears that in preparing the first amended complaint, Plaintiff believed that omitting the fact that he pleaded guilty would somehow avoid the Heck issue. Not so. As discussed herein, the first amended complaint is even less clear regarding applicability of Heck precisely because of this omission.

specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

While the amended complaint describes the conduct of Officer Curtis, it does not contain facts linking any other named defendant to an alleged constitutional violation. Plaintiff's references to other named defendants are outlined only in the context of conclusory and formulaic statements within the various claimed legal theories. Plaintiff does not, for example, describe any specific conduct taken by the Chief or Captain who responded with Officer Curtis. Nor does the amended complaint describe the conduct of the Tehama County Sheriff or the Mayor of the City of Red Bluff, who are named defendants. The amended complaint contains no factual allegations as to the named Sergeant. Plaintiff will be provided an opportunity to amend.

### C. Municipal Liability

Plaintiff has named the County of Tehama, City of Red Bluff, and City of Red Bluff Police Department as Defendants. Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by Bull v. City & Cnty. of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id.

#### 1. Policy or Custom of the Municipality.

To assert municipal liability, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. Official policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v. Thompson, 563 U.S. 51, 61 (2011). Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or

practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). Alternatively, municipal liability may be imposed where an omission led to the constitutional violation by its employee. See Nathaniel v. City of Redding, No. 2:19-CV-00388-CKD-P, 2019 WL 2410510, at *2 (E.D. Cal. June 7, 2019). To establish municipal liability under this theory, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. (citation and quotations omitted). Deliberate indifference requires Plaintiff to show that the municipality had either actual or constructive notice that its omissions would likely result in a constitutional violation. See id.

Under either theory, "to be entitled to the presumption of truth," Plaintiff must establish an affirmative causal link between the municipal policy or practice and the alleged constitutional violation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); See Canton, 489 U.S. at 385, 391-92; Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996); Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992). Plaintiff must allege with particularity those acts which defendants engaged in that support plaintiff's claims. See Jones v. Cmty. Redv. Agency, 733 F.2d 646, 649 (9th Cir. 1984).

Plaintiff's complaint is deficient as to the named Municipal Defendants. Plaintiff makes only general allegations regarding the alleged municipal policies, customs, or practices, which cannot support a municipal liability claim. Plaintiff makes conclusory statements without factual support that there was an adopted official policy or longstanding practice or custom of the Municipal Defendants, that the Municipal Defendants provide inadequate training regarding false arrest and imprisonment, that there is inadequate supervision, training, assigning and discipline of personnel whom the Municipal Defendants should have known had propensities and character traits for abusing their authority, disciplining with "slaps on the wrist," encouraging, accommodating, or facilitating a "blue code of silence," and maintaining "grossly inadequate procedures" for reporting, supervising, investigating, reviewing, disciplining, and controlling the conduct of personnel. See ECF No. 9, pgs. 12-14.

Plaintiff's general contentions are insufficient. Plaintiff must plead with specificity how: (1) Plaintiff's constitutional deprivation resulted from a particular policy, custom, or practice of the local government (2) that policy was based on the actual decisions and acts of its policymakers, and (3) those practices are persistent and widespread. Alternatively, Plaintiff must show that the municipality was deliberately indifferent as to Plaintiff's constitutional rights due to either actual or constructive notice that its omissions would likely result in unlawful conduct. Plaintiff must allege more than just the broad elements of a claim for relief; such allegations must be supported by facts. At this time, Plaintiff's complaint fails to state a claim of municipal liability against Municipal Defendants.

2. <u>Failure to Train</u>.

A plaintiff may also establish municipal liability by demonstrating that the alleged constitutional violation was caused by a failure to adequately train municipal employees. See <u>City of Canton</u>, 489 U.S. at 388-9. To establish municipal liability for a claim based on failure to train municipal employees, a plaintiff must show (1) that the training program is inadequate "'in relation to the tasks the particular officers must perform'"; (2) the city officials must have been deliberately indifferent "'to the rights of persons with whom the [local officials] come into contact'"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." <u>Merritt v. Cty. of Los Angeles</u>, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations omitted); see also <u>Connick</u>, 563 U.S. at 61 ("To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' [] Only then 'can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983.'") (quoting <u>City of Canton</u>, 489 U.S. at 388).

A municipal defendant can be held liable because of a failure to properly train its employees only if the failure reflects a "conscious" choice by the government." <u>Kirkpatrick v. Cty. of Washoe</u>, 843 F.3d 784, 793 (9th Cir. 2016) (en banc). The indifference of city officials may be shown where, "in light of the duties assigned to specific . . . employees[,] the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of

8

constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. at 390; see Long v. Cty. of Los Angeles, 442 F.3d 1178, 1186-87 (9th Cir. 2006) ; Johnson v. Hawe, 388 F.3d 676, 686 (9th Cir. 2004); Berry v. Baca, 379 F.3d 764, 767 (9th Cir. 2004); Lee v. City of Los Angeles, 250 F.3d 668, 682 (9th Cir. 2001); Oviatt v. Pearce, 954 F.2d 1470, 1477-78 (9th Cir. 1992); Merritt, 875 F.2d at 770.  "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Connick, 563 U.S. at 61 (citation and quotation marks omitted).

In this instance, Plaintiff has not alleged facts to demonstrate that any Municipal Defendant is liable for failing to adequately train its employees.  Plaintiff generally alleges only that the Municipal Defendants are liable for the actions of its employees because the training policies "were not adequate to train it officers to handle the usual and recurring situations with which they must deal" but fails to allege how that alleged failure reflects any decision-making on the part of the Municipal Defendants, or that such deficient training was so constitutionally violative that it constituted deliberate indifference.  As above, Plaintiff's conclusory statements are insufficient to support a finding that Plaintiff is entitled to relief beyond mere speculation.

   **D.**   **Supervisor Liability**

Plaintiff has alleged a claim for respondeat superior and names various defendants holding supervisory roles, such as the city mayor and county sheriffs.  Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983); Ashcroft, 556 U.S. at 677 (In a § 1983 suit, "masters do not answer for the torts of their servants").  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id.; see also Hansen v. Black, 885 F.2d 642, 646 (9th Cir.1989) (dismissing supervisory liability claim where the complaint included "no allegation that the police chief was personally involved in the incident"); Rodriguez v. City of Modesto, 535 F. App'x 643, 646 (9th Cir. 2013) (finding supervisor liability claim dismissed in error because the supervisor was the ranking officer on the scene and personally directed the

1  arresting officers).

2  A supervisory defendant cannot be liable based only on knowledge and
3  acquiescence in a subordinate's unconstitutional conduct because government officials, regardless
4  of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct
5  of others. See Ashcroft, 556 U.S. at 676. Supervisory personnel who implement a policy so
6  deficient that the policy itself is a repudiation of constitutional rights and the moving force behind
7  an alleged constitutional violation may be liable, even where such personnel do not overtly
8  participate in the offensive act. See Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir.
9  1991) (en banc), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

10  When a defendant holds a supervisory position, the causal link between such
11  defendant and the claimed constitutional violation must be specifically alleged. See Fayle v.
12  Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.
13  1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in
14  civil rights violations are not sufficient. See Ivey, 673 F.2d at 268. "[A] plaintiff must plead that
15  each Government-official defendant, through the official's own individual actions, has violated
16  the constitution." Ashcroft, 662 U.S. at 676.

17  Plaintiff bases his claim for respondeat superior on the contention that
18  "Defendant's [sic] intentional tortious acts were undertaken within the scope of their
19  employment." ECF No. 9, pg. 18. First, to the extent that Plaintiff is asserting a respondeat
20  superior claim against Defendants Jennifer Bowman, David Bowman, Georgia Han, Jennifer
21  Hagel, and Brian Williams, these persons have been named as individual defendants, not
22  employees of any state or federal agency. As a result, these Defendants can neither be liable
23  under a respondeat superior theory of liability, nor can they be liable under a § 1983 claim. See
24  infra.

25  Second, to the extent that Plaintiff is claiming that Defendants Dave Hencratt,
26  Sheriff of Tehama County and Danielle Eyestone, Mayor of City of Red Bluff, are supervisory
27  personnel, Plaintiff's complaint is empty of specific facts showing Defendants' personal
28  involvement, either by way of their own actions or implementation of a constitutionally deficient

policy, which caused Plaintiff harm or violated his rights.

### E. Private Parties

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the Constitution. See Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Generally, private parties are not acting under color of state law. See Price v. Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining a lawyer in private practice does not act under color of state law). Where a private party conspires with state officials to deprive others of constitutional rights, the private party is acting under color of state law. See Tower, 467 U.S. at 920; Crowe v. Cty. of San Diego, 608 F.3d 406, 440 (9th Cir. 2010). To prove a conspiracy between the state and private party under § 1983, a plaintiff must show "an agreement or meeting of the minds to violate constitutional rights. . . each must . . . share the common objective of the conspiracy." United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (en banc) (citation and internal quotation marks omitted). Conclusory allegations are insufficient to state a claim of conspiracy. See Simmons, 318 F.3d at 1161.

Plaintiff names private individuals Jennifer Bowman, David Bowman, Georgia Han, Jennifer L. Hagel, and Brian T. Williams as Defendants and claims that they are jointly and severally liable for the alleged constitutional violations incurred as a result of the alleged false arrest/false imprisonment. These private individual Defendants are not state actors for the purpose of § 1983 litigation. Plaintiff has failed to establish a conspiracy between these private individuals and any state actor Defendant by failing to link a common objective between the Defendants such that there was a meeting of the minds or that the Defendants each shared a common objective in violating Plaintiff's rights. Speculative and conclusory allegations of wrongdoing are insufficient; Plaintiff must set forth specific facts as to each individual Defendant's causal role and each Defendant's agreement with the City or Police Department with respect to each purported constitutional deprivation. Otherwise, these Defendants are private parties not engaged in any conspiracy or agreement with the City or Police Department and Plaintiff's claims against these private individuals must be dismissed.

### F. Title 18 of the United States Code for Conspiracy Against Rights

Plaintiff also alleges violations of 18 U.S.C. §§ 241 and 242. See ECF No. 9, pgs. 16-18. "[T]he fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979) (quoting Cannon v. University of Chicago, 441 U.S. 677, 688 (1979)). Rather, the question is whether Congress intended to create the private right of action in the statute and such analysis begins with the language of the statute itself. See Touche Ross & Co., 442 U.S. at 568. "Civil causes of action . . . do not generally lie under the criminal statutes contained in Title 18 of the United States Code." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 403 (S.D. Cal. 1997) (granting motion to dismiss based on no authority that a plaintiff can bring civil causes of action under 18 U.S.C. §§ 241 and 242); Allen v. Gold Country Casino, 464 F.3d 1044, 1048 (9th Cir. 2006) (no private right of action for violation of criminal statutes); see also, e.g., Ramirez v. Bernhardt, 2022 WL 2160584, at *6 (E.D. Cal. June 15, 2022) ("Plaintiff's criminal conspiracy claim brought under 18 U.S.C. § 241 fails as a matter of law. Title 18 U.S.C. § 241 is a criminal civil rights statute. There is no private right of action to enforce this statute.").

Because 18 U.S.C. §§ 241 and 242 provide for fines and incarceration for criminal offenses but do not set forth a private cause of action, or provide language that would imply that a cause of action exists, Plaintiff's claims under Title 18 cannot proceed in this case and are not subject to amendment.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended

complaint complete.  <u>See</u> Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  <u>See</u> <u>id.</u>

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  <u>See</u> <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date of this order.

Dated:  November 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE